**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDWYN FU-URBINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO.  CIV- 26-0495-HE |
| | ) | |
| UNITED STATES DISTRICT COURT, | ) | |
| et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Edwyn Fu-Urbina, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Liberally construing the petition,[2] it appears petitioner challenges the legality of his detention by United States Immigration and Customs Enforcement (ICE).  He is currently detained at Cimarron Correctional Facility in Cushing, Oklahoma.

As ordered, respondents have filed a response to the petition.  No reply has been filed by petitioner within the time specified by the court.  Upon review, the court concludes the petition should be granted to the limited degree set forth hereafter.

According to the record, petitioner is a native and citizen of Honduras who entered the United States on or about June 17, 2008.  Over six years later, on August 30, 2014, the

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin, in his official capacity as Secretary of United States Department of Homeland Security and Todd Blanche in his official capacity as acting Attorney General of the United States are substituted as respondents for Kristi Noem and Pamela Bondi, respectively.*

[2] *See* <u>Hall v. Bellmon</u>, *935 F.2d 1106, 1110 (10th Cir. 1991).*

United States Department of Homeland Security (DHS) issued a notice to appear, charging petitioner as subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the DHS Secretary.  Petitioner was taken into custody pursuant to 8 U.S.C. § 1226.  DHS issued another notice to appear, again charging petitioner as subject to removal under § 1182.  The notice to appear stated that it superseded the prior notice.

Although not clear from the record, it appears petitioner was released from custody. Thereafter, a petition for alien relative was filed on behalf of petitioner for an immigrant visa.  The petition was approved on February 26, 2015.  On November 1, 2016, at petitioner's request, the removal proceedings were administratively closed.  According to respondents, petitioner sought administrative closure of the removal proceedings to allow him to pursue lawful status in the United States.  On September 19, 2019, an application for provisional unlawful presence waiver was filed on petitioner's behalf.  The application was approved on July 24, 2023.

The government's response indicates that, in November 2023, petitioner was charged with aggravated trafficking of illegal drugs – cocaine – in violation of 63 Okla. Stat. § 2-415(C)(2)(c) and possession of a firearm while in the commission of a felony in violation of 21 Okla. Stat. § 1287.  Petitioner pleaded guilty to the charges and was sentenced on June 20, 2024 to a term of 10 years in custody of the Oklahoma Department of Corrections on each count, with all suspended except for two and one-half years.  On December 26, 2025, a warrant for arrest of alien was issued and petitioner was taken into

2

ICE custody.    Thereafter, DHS moved to recalendar (reopen) petitioner's removal proceedings.

Petitioner claims his detention violates the INA and his Fifth Amendment due process rights.  With respect to the INA violation, respondents acknowledge that petitioner was detained based on 8 U.S.C. § 1226 [Doc. #8, ECF p. 11], for which non-citizens are eligible for an individualized bond determination.  However, respondents argue that petitioner is subject to mandatory detention under § 1226(c) due to his 2023 convictions.

Section 1226(c) provides that the "Attorney General shall take into custody any alien" who "is deportable by reason of having committed any offense covered in [8 U.S.C.] section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)[.]"  8 U.S.C. § 1226(c)(1)(B).  Section 1227(a)(2)(B)(i) authorizes removal of an alien "who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)" and section 1227(a)(2)(C) authorizes removal of an alien "who at any time after admission is convicted under any law of . . . possessing . . . any weapon . . . which is a firearm or destructive device (as defined in section 921(a) of Title 18)[.]"  8 U.S.C. § 1227(a)(2)(B)(i) and 8 U.S.C. § 1227(a)(2)(C).  However, there is no showing here that petitioner has been put on notice of being subject to removal based on the convictions.  The warrant for petitioner's arrest dated December 26, 2025 does not so indicate and, so far as the court can determine, was tied to respondents efforts to reopen the prior removal proceeding.  Consequently, it appears petitioner's current detention is based on 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1226(c).

In light of that conclusion, petitioner is presently entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[3] and order respondents to release petitioner within seven (7) business days unless, in the meantime, it provides a bond hearing pursuant to 8 U.S.C. § 1226(a) or formally proceeds with removal proceedings against petitioner based on 8 U.S.C. § 1226(c), in which case, based on the circumstances existing here, detention appears to be mandated.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED** to this extent:  respondents are **ORDERED** to release petitioner from custody within **seven (7) business days** unless, in the interim, it provides a proper bond hearing pursuant to 8 U.S.C. § 1226(a) or formally pursues removal on the basis of 8 U.S.C. § 1226(c).  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] *The court declines to decide the merits of petitioner's Fifth Amendment due process claim in light of its ruling that § 1226(a) governs petitioner's detention.*